IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAHLIL D. HAMMONS, #Y10318, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18−cv−483−SMY ) |
| JOHN BALDWIN, and KEITH E. HUBLER, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kahlil Hammons, an inmate at Big Muddy River Correctional Center ("Big Muddy"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was in the Duquoin Impact Incarceration Program. Specifically, Plaintiff claims that Defendant Hubler subjected him to excessive force in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds that the Complaint is sufficient to survive threshold review.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: At some point between August 26, 2016 and September 6, 2016, while Plaintiff was at boot camp in Duquoin, Illinois, there was "an altercation between Defendant Lieutenant Keith E. Hubler and [Plaintiff] and Lt. Hubler criminally assaulted [Plaintiff]." (Doc. 1, p. 5).

Plaintiff provides more details regarding the incident in a grievance attached to the Complaint.[1] According to the grievance: Plaintiff and three other inmates were supposed to be in bed, but instead were up "horse playing." (Doc. 1, p. 11). A corrections officer caught them and made them begin to work out. *Id.* At that point, Hubler entered, "pinned an inmate against the wall and began to slap him over and over." *Id.* Hubler also said he "wishes to take it back to the old days when they use to beat our asses and didn't have to answer to anybody." *Id.* He then "smacked two other inmates" and finally "smack[ed]" Plaintiff and kicked his things across

---

[1] Documents "attached to the complaint" are "part of the complaint." *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (citing *Arnett v. Webster*, 658 F.3d 742, 746 (7th Cir. 2011)).

room. *Id.*

Plaintiff seeks monetary damages from the defendants. (Doc. 1, p. 6).

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants subjected Plaintiff to excessive force in late August or early September of 2016 in violation of the Eighth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state such a claim, an inmate must allege facts sufficient to show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 37 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). While an inmate need not allege serious bodily injury to make a claim, not "every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* (the question is whether the force was *de minimis*, not whether the injury suffered was *de minimis*).

Plaintiff alleges that Defendant Hubler smacked him after another officer caught him out of bed. Plaintiff does not describe the amount of force used, whether it was an open-handed or closed-fist smack, and does not explain whether or not he was resisting so as to warrant the use

of force. However, the grievance attached to the Complaint implies that the other corrections officer had the situation under control when Hubler began hitting Plaintiff and the other inmates. Given Hubler's alleged his wistful comment about "the old days, " the grievance suggests that Hubler hit them for the sake of hitting them, and not for any legitimate penological purpose. Because the Court cannot conclude from the facts alleged that the force used by Hubler was *de minimis*, Count 1 will proceed against Hubler.

On the other hand, Plaintiff did not include any specific allegations regarding Defendant Baldwin in his Complaint, despite his having listed him as a defendant. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). When, as here, a plaintiff fails to include a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Further, in the case of defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Baldwin is "personally responsible for the deprivation of a constitutional right," and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation. *Id.* Accordingly, Baldwin will be dismissed from this action without prejudice.

**Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3) which is **REFERRED**

to United States Magistrate Judge Reona J. Daly for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the remaining defendant as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **HUBLER** and is **DISMISSED** against **BALDWIN** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **BALDWIN** is **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **HUBLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require that he pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Hubler is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 5, 2018**

**s/ STACI M. YANDLE**
**U.S. District Judge**